279 N.W.2d 841 (1979)
203 Neb. 618
In re Application to have Myrtle Jones adjudged mentally ill.
Myrtle JONES, Appellant,
v.
COUNTY BOARD OF MENTAL HEALTH, DOUGLAS COUNTY, Nebraska, Appellee.
No. 42146.
Supreme Court of Nebraska.
June 5, 1979.
*842 Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein, Omaha, for appellant.
Donald L. Knowles, Douglas County Atty., and Jerry L. Stejskal, Omaha, for appellee.
Heard before KRIVOSHA, C. J., WHITE, and HASTINGS, JJ., and REIMER and HIPPE, District Judges.
HASTINGS, Justice.
Although docketed separately, by agreement of the parties this case was consolidated for argument with Hill v. County Board of Mental Health, 203 Neb. 610, 279 N.W.2d 838 (1979), and is controlled by that case. Myrtle Jones has appealed from an order of the District Court for Douglas County affirming the action of the Douglas County board of mental health finding her to be a mentally ill dangerous person in need of board-ordered treatment. Error is assigned in that it is claimed the evidence was insufficient as a matter of law to establish these findings by clear and convincing proof.
The hearing was held before the mental health board on January 23, 1978, and arose out of a written complaint signed by the subject's mother, Mosie Lee Jones, who claimed that Myrtle Jones talked about killing her "kids and mother on New Years." Myrtle Jones was represented by counsel throughout all of the proceedings.
Dr. David J. Goldberg, a physician and psychiatrist, testified he had examined the subject on January 19, 1978, consisting of a clinical interview and review of the available records. She was initially incoherent, but as the interview progressed she became most pleasant. She described a series of incidents occurring during the immediately preceding few weeks wherein she felt mistreated at home and reacted against her mother and stepfather, sometimes by hitting them in anger. On one occasion she told Dr. Goldberg her son was misbehaving and she said "I will kill you," and that it just came out in the heat of trying to reprimand the child. It was claimed by her to be merely a figure of speech since she didn't mean to kill him.
The diagnosis of Dr. Goldberg was as follows: "The diagnostic impression I have on this patient is one of a schizophrenic illness and I have contemplated two subtypes. One is a chronic undifferentiated. It is based mostly on the history this patient forwarded. It seems that the history of this illness goes back three or four years now in time. Second, of course, was schizophrenia, schizo-affective, agitated type because the affective component of this illness is quite noticeable. In any case, these are subtypes of the same illness, which is basically a schizophrenic process. My recommendation at this time is to continue psychiatric treatment * * * I certainly would recommend to continue in-patient treatment at this time." The witness defined schizophrenia as a mental illness. *843 Another witness, a onetime fiance, testified he had heard the subject threaten to reprimand her children if they disobeyed her; and that he observed her spank the children from time to time, but none of them, to his knowledge, ever required medical attention because of the spankings.
Myrtle Jones testified in her own behalf and admitted she made the statement "if you don't obey me I'm going to kill you" to her 10-year-old girl and 11-year-old son. She went on the say, presumably concerning the same incident, "Because one night we were going to a friends of mine and they were going into the house and on the way into the house my little girl fell down on the ground. She turned around and she goes back to the car and goes back to where my mother is and then I said mother, when I get those kids I'm going to kill them and she said don't be hasty and I said if you can whip them, why can't I. Those are my exact words."
Perhaps some further insight into the mental state of the subject can be found in her statement in open hearing immediately after the board chairman announced the order of commitment. She said: "Simply because I said I was going to kill my God Damn kids? God Damn, Mama, you put me in a bad situation. You take me out of here."
The board found there was clear and convincing evidence of mental illness and dangerousness as manifested by the threats to the children. The District Court, hearing the appeal de novo on the record, affirmed the action of the board of mental health. We in turn must affirm unless we find as a matter of law that the order of the District Court is not supported by clear and convincing proof. Hill v. County Board of Mental Health, supra.
Again, as in Hill v. County Board of Mental Health, supra and Petersen v. County Board of Mental Health, 203 Neb. 622, 279 N.W.2d 844, the medical evidence establishes by clear and convincing proof that Myrtle Jones is suffering from a mental illness. That fact is not contested. Also, the threat, if in fact it qualified as a threat under the Nebraska Mental Health Commitment Act, was recent, having been made only 12 days prior to the filing of the petition. This, too, is not questioned.
The only question on appeal is whether the evidence establishing the threat demonstrates by clear and convincing proof that it manifested a "substantial risk of serious harm to another person." Myrtle Jones described the death threat as a "figure of speech." Her counsel, in appellant's brief, dismisses it as "common usage by angry parents of meaningless `death threats' in disciplining their misbehaving children." We think the matter cannot be dismissed that lightly. The existence of mental illness and the presence of a threat of violence cannot be examined in isolated vacuums of semantics. An extant mental illness with no manifestations of anger or violence, either verbal or physical, hardly presents a committable situation. Likewise, a "death threat" by a parent with no demonstrable mental illness, following an episode with a rebellious child, very probably should give no cause for concern. However, the two together, under the circumstances then existing, may very well require immediate action rather than additional time to change the threat into an act.
From an examination of all of the evidence we cannot say as a matter of law that the District Court was wrong in finding the proof to be clear and convincing that Myrtle Jones was a mentally ill dangerous person as defined by law, and its judgment is affirmed.
AFFIRMED.